EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| BRENNA SCHAFER AND MEREDITH STURM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) | No. 1:25-cv-1906 (PTG/WBP) |
| *Plaintiffs,* | ) | |
| v. | ) | |
| SALESINTEL RESEARCH, INC., | ) | |
| *Defendant.* | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on the Motion to Dismiss (Dkt. 25) for lack of subject matter jurisdiction and failure to state a claim filed by Defendant SalesIntel Research, Inc. ("Defendant" or "SalesIntel"). SalesIntel is a data broker that "operates the directory salesintel.io." Dkt. 20 ¶ 12. On October 30, 2025, Plaintiffs Brenna Schafer and Meredith Sturm initiated this purported class action lawsuit alleging that Defendant violated the Colorado Prevention of Telemarketing Fraud Act ("PTFA") by "knowingly list[ing] Coloradans' cellular telephone or mobile numbers" without their affirmative consent. Dkt. 1 ¶¶ 44–47. Plaintiffs are residents of Colorado whose cellular telephone numbers are listed by Defendant in its for-profit directory without consent. Dkt. 20 ¶¶ 10–11. Defendant contends that this case should be dismissed because Plaintiffs fail "to clearly allege an injury in fact." Dkt. 26 at 6. The matter is fully briefed and ripe for disposition. Dkts. 26, 29, 33.[1] For the reasons that follow, the Court grants Defendant's Motion

[1] Additionally, the parties filed supplemental authority and pleadings. *See* Dkts. 35, 36, 42, 43, 44, 48, 49.



**EXHIBIT A**

to Dismiss for lack of subject matter jurisdiction and does not reach the merits of the failure to state a claim argument.

The PTFA prohibits individuals from knowingly listing Coloradans' cellular telephone numbers in a directory for a commercial purpose without affirmative consent. Colo. Rev. Stat. Ann. § 6-1-304(4)(a)(I). Plaintiffs allege that SalesIntel violates the PTFA by aggregating and distributing "cell phone numbers [without affirmative consent] for a commercial purpose: (a) to entice salesintel.io users to pay to acquire access to salesintel.io subscriptions; and (b) to fulfill Defendant's obligations to salesintel.io users who have paid for salesintel.io subscriptions." Dkt. 20 ¶ 24. Plaintiffs aver that Defendant's paywalled directory operates "by simply searching for individuals using filters such as name, company, location, and/or other parameters," which then populates "a list of search results featuring individuals matching the selected parameters." *Id.* ¶¶ 20-21. Plaintiffs allege that Defendant's conduct injures Coloradans because it diminishes their right to privacy as protected by the PTFA. *Id.* ¶¶ 28–32. Defendant, however, contends that Plaintiffs lack standing to assert an injury to their right to privacy because they "fail to allege that any third party . . . has ever viewed or accessed either of their cell phone numbers on SalesIntel's subscription based, searchable database." Dkt. 26 at 8. At bottom, Defendant avers that "Plaintiffs allege at most a bare procedural violation . . . without alleging any real harm." Dkt. 33 at 3.

Federal courts "possess only the jurisdiction authorized [to] them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008). As the Fourth Circuit has recognized, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(3) (providing that the court may dismiss for lack of subject matter jurisdiction at any time)). A dismissal for lack of subject matter jurisdiction

"must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

"Article III of the Constitution requires a litigant to possess standing . . . for a lawsuit to proceed in federal court." *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022). "[T]he irreducible constitutional minimum of standing" requires an "injury in fact" that is "fairly . . . trace[able] to the challenged action" and that can likely be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citation modified). "To establish injury in fact, a plaintiff must show that he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Beck v. McDonald*, 848 F.3d 262, 270 (4th. Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Furthermore, a legislature's "creation of a statutory prohibition . . . and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). Simply put, "an injury in law is not an injury in fact." *Id.* at 427. To be sufficiently concrete, an intangible harm must bear a "close relationship to harms traditionally recognized" at common law "though it need not be an exact duplicate." *Id.* at 424–25.

Here, Plaintiffs proffer three theories of harm to demonstrate that they have suffered injury: 1) public disclosure of private information; 2) intrusion upon seclusion; and 3) misappropriation of name and likeness. The Court is unpersuaded by any of these.

First, as it pertains to public disclosure of private information, the Court finds the Fourth Circuit's holding in *Holmes v. Elephant Insurance Co.*, 156 F.4th 413 (4th. Cir. 2025), does not support Plaintiffs' position. In *Holmes*, the private information at issue was driver's license numbers, which are materially different from phone numbers. 156 F.4th at 419. The Fourth Circuit adopted the plaintiff's reasoning that driver's license numbers were "unique and persistent identifiers" that are "critical to easily forging an identity," which could "be used alone or in combination with other information to open bank accounts and apply for financial loans." *Id.* at 425 (citation modified). Importantly, the historical analogue to the tort of public disclosure of private information, invasion of privacy, required "that the information [disclosed] be highly offensive to a reasonable person if shared, and that it not be of legitimate public concern." *Id.* at 424. The Fourth Circuit concluded that "only sensitive personal information falls within the scope of the tort." *Id.* Here, the publication of a phone number is distinguishable from that of a driver's license number. Cell phone numbers—although private in nature—are not unique or persistent *identifiers* in the same vein as driver's license numbers.

Second, as it pertains to intrusion upon seclusion, the Court finds Plaintiffs' analogies to Fourth Circuit case law to be unpersuasive. In *American Federation of State, County & Municipal Employees, AFL-CIO v. Social Security Administration*, 172 F.4th 361, 369 (4th Cir. 2026), the plaintiffs were suing the Social Security Administration ("SSA") for giving the Department of Government Efficiency access to sensitive "personally identifiable information." And like invasion of privacy, intrusion upon seclusion is only actionable when the information accessed or shared "would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (A.L.I. 1977). In the context of *American Federation*, the Fourth Circuit reasoned that the SSA's decision to "hand[] over their members' most sensitive personal data to people . . . who were not

authorized to access it" was sufficient to confer standing. 172 F.4th at 369. Here again, we have a qualitative difference between sensitive personal information that remained in the custody of the SSA and a mere cell phone number. Moreover, Plaintiffs fail to allege they received a single phone call as a result of their number being placed in SalesIntel's directory, which further diminishes their claim to standing. *See Krakauer v. Dish Network, LLC*, 925 F.3d 643, 652–54 (4th Cir. 2019) (plaintiffs' injury stemming from violation of the Telephone Consumer Protection Act "accrue[d] only once a telemarketer disregard[ed] the registry and actually place[d] multiple calls.").

Third, as it pertains to misappropriation of name and likeness, Plaintiffs aver that Defendant's listing of their cell phone numbers has "deprive[d] them of the real, quantifiable value of [their] data." Dkt. 20 ¶ 28. The Court finds the Plaintiffs rely on authority involving qualitatively different information, such as payment information, passport numbers, and social security numbers, which cannot be analogized to cell phone numbers. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447, 459 (D. Md. 2020) (finding that plaintiffs had standing to sue for injuries resulting from a data breach that exposed passport numbers and payment card numbers which resulted in "actual misuse of their personal information."); *Gordon v. Zeroed-In Tech., LLC*, 2025 WL 936415 at *10 (D. Md. Mar. 26, 2025) (finding that exposure of plaintiffs' social security numbers and payment information, which resulted in numerous fraudulent transactions, gave rise to Article III standing.). This Court is hesitant to embrace such a theory of harm as it relates to diminution in the value of data when it is not accompanied with a concrete harm. *See Podroykin v. Am. Armed Forces Mut. Aid Ass'n*, 634 F. Supp. 3d 265, 272 (E.D. Va. 2022) (casting doubt on the proposition that diminished value in personally identifiable information confers standing absent allegations of concrete injury, such as "lower credit scores" or "fraudulent accounts and tax returns").

Thus, the Court concludes that Plaintiffs lack Article III standing. All three theories of harm Plaintiffs proffer fall short of establishing an injury in fact. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 25) is **GRANTED** for lack of subject matter jurisdiction and the Amended Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Defendant's Motion for Leave to File Response to Plaintiffs' Notice of Supplemental Authority (Dkt. 36) is **GRANTED**.

/s/
Patricia Tolliver Giles
United States District Judge

Entered this 29th day of September, 2026.
Alexandria, Virginia